Gridley, J.
 

 The plaintiff brought his action against the defendant, in the supreme court, to recover damages for a disobedience of instructions concerning the sale of two boat-loads of flour, shipped to the defendant in the months of June and July 1847. The instructions were “ to sell on arrival,” and it was for the loss occasioned by a failure to comply with this direction, that the appellant brought his action. There is no doubt, that *these instructions were received and understood by the defendant. In answer to a letter of the ^ plaintiff, dated the 20th August 1847, alleging that he had desired the defendant “ to sell the flour on arrival,” and complaining that the instructions had not been followed, the defendant writes, under date of the 25th of August, as follows: “ Sir, yours of the 20th is at hand. I represented your interest in the sale of six hundred and eight barrels of flour, as well as I knew how. It would not sell on arrival; there was a panic in the market, and only little lots for home consumption would sell at all; I am prepared to prove this fact to your satisfaction.
 
 It is my plan to obey orders, if I break owners, generally
 

 If the defendant could not, in fact, sell the flour, on its arrival, then he was not responsible for a disobedience of instructions; but, we think, the evidence shows, and especially, that of the witness Barrett, that flour could be
 
 *189
 
 sold, at any time, in Albany, at a reasonable deduction from the market price. There were sold, daily, through the season, from five hundred to three thousand barrels, at the usual market price, in Albany. If the flour could have been sold, even
 
 below the market
 
 price, on its arrival, then all the authorities concur to show that it was the duty of the defendant to have sold it.
 

 It is laid down in Paley on Agency (ed. of 1822), p. 4, that the primary obligation of an agent whose authority is limited by instructions is, to adhere faithfully to those instructions, for if he unnecessarily exceed his commission or risk his principal’s effects, without authority, he renders himself responsible for the consequence of his act. In
 
 Rundle
 
 v.
 
 Moore
 
 (3 Johns. Cas. 36), it is said, that “ if the defendants have, as the agents or factors of the plaintiffs, through mistake or design, disobeyed their instructions, they are undoubtedly responsible.” So, in
 
 Parkist
 
 v.
 
 Alexander
 
 (1 Johns. Ch. 394), it is laid down, that “if an agent departs from the instructions of his principal, he does it at his peril.” In
 
 Courcier
 
 v.
 
 Ritter
 
 (4 Wash. C. C. 549), it was held, that it was the duty of an agent, who was instructed to make sale of the article consigned for sale, “
 
 immediately on arrival,
 
 to sell immediately on arrival, no matter at what loss.” See also, to * 190 1 same e®‘ec*>
 
 *Bell
 
 v.
 
 Palmer
 
 (6 Cow. 128), a where an agent, under similar instructions, was held liable for refusing the first offer, although under the market price. And this is a reasonable doctrine; for if a loss occur, by reason of an implicit obedience to the instructions of the owner, such loss falls on him. Considering the lateness of the season, and the probability of a rapid decline in prices, we can well see why the plaintiff would desire an immediate sale of the flour, and be willing to take the consequences of such deduction from the market price as might be necessary to effect a sale, rather than incur the danger of delay.
 

 The supreme court, in refusing a new trial, placed
 
 *190
 
 their decision upon the uncertain nature of the instructions. But it seems to us, that a direction “ to sell on arrival” is an explicit instruction; and the defendant seems to have so understood it, in his letter of the 25th of August. It is substantially like the instruction in the cases in the sixth volume of Gowen, and in Washington’s circuit court reports. But if there were any doubt on this question, and the direction was open to two interpretations, it should have been submitted to the jury, under proper instructions, to say in what sense it was understood by the defendant. For these reasons, we are of the opinion, that a new trial should be granted.
 

 Judgment reversed, and new trial awarded.
 

 Watson, J., dissented.